January 25, 1978

# 78-3 MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

## Warrantless Foreign Intelligence Surveillance—Use of Television—Beepers

This responds to your request for our opinion on the legality of warrantless foreign intelligence surveillance using certain specific techniques: (1) television surveillance; and (2) location detection using "beepers." We conclude that the President may, in a proper case, invoke his constitutional powers to regulate foreign affairs and thereby authorize such surveillance. He may delegate that power to the Attorney General for case-by-case approval of such surveillance.

### I. The Techniques Involved

The techniques discussed in this memorandum differ in technical terms, but they share a feature that gives rise to the legal issue and constitutes a means whereby the Government can surreptitiously obtain information without the knowledge or consent of the person being surveilled. The first technique involves the use of concealed television cameras to observe and/or record what occurs in a particular place. In some instances the use of such a camera without the subject's consent may be entirely lawful without the necessity of a warrant. For example, a concealed camera might not require a warrant where it is installed to record only what a person who is present at the surveilled site and has consented to the surveillance can see. When there has been no consent, or when the camera records sights not visible to a human eye, its use amounts to an intrusion; the technique may not be utilized without a warrant or its constitutional equivalent—invocation of Presidential powers in a proper case. *Cf.*, *United States* v. *KIM*, 415 F. Supp. 1252 (D. Ha. 1976) (warrant required for observation using binoculars where unaided vision is impossible).

The second technique, use of "beepers," involves installation of an electronic device on the chassis of an automobile. The device emits a signal that can be received within a half-mile radius. By tracking the source of the signal, the beeper's location can be monitored. Installation of the beeper can, in some cases, be performed by affixation without intrusion into the car itself. In other cases, "technical trespass," such as opening a hood or trunk, may be

14

necessary. The use of beepers has been the subject of much litigation. The law is somewhat unsettled, but courts are in agreement that if installation of the device requires that the car be seized temporarily or a compartment opened, a warrant is required. *See, United States* v. *Holmes,* 521 F. (2d) 859 (5th Cir. 1975); *aff'd* by an equally divided court, 537 F. (2d) 227 (5th Cir. 1976); *United States* v. *Pretzinger,* 542 F. (2d) 517 (9th Cir. 1976); *United States* v. *Hufford,* 539 F. (2d) 32 (9th Cir. 1976); and the cases discussed in *Tracking Katz: Beepers, Privacy, and the Fourth Amendment,* 86 Yale L. J. 1461 (1977). A panel decision in the Fifth Circuit held that use of the device, regardless of the method of installation, required a warrant *(Holmes, supra).*

## II. Applicable Legal Considerations

Use of these techniques can raise Fourth Amendment issues, either because of the surveillance itself or the method of installation. While the issue is not settled, the President can authorize warrantless electronic surveillance of an agent of a foreign power, pursuant to his constitutional power to gather foreign intelligence. This Office has taken the position that the same constitutional power authorizes limited physical entries and seizures incident to installation of such devices. Office of Legal Counsel Memorandum for the Attorney General, "Physical Intrusion for Foreign Intelligence Purposes," August 19, 1975. The rationale of that memorandum covers these surveillance techniques as well. It is our opinion that the President has the power to authorize the warrantless installation and use of these devices for the purpose of gathering foreign intelligence (or counterintelligence) in a proper case, and that he can also authorize minimal trespasses or seizures incident to installation of the devices; however, invocation of that power must be explicit.

## III. Conclusion

The President can constitutionally authorize use of television surveillance and "beepers" in certain narrow circumstances. He can also authorize those minimal "technical trespasses" and seizures incident to installation of these devices.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

15